FILED

JUN 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY PETZAK, | No. 09-15926 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00343-ECR-VPC |
| v. | |
| STATE OF NEVADA EX REL. DEPARTMENT OF CORRECTIONS; ALYS DOBEL, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, United States District Judge, Presiding

Submitted June 18, 2010[**]
San Francisco, California

Before: RIPPLE, Senior Circuit Judge,[***] RYMER and FISHER, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Rodney Petzak appeals the district court's grant of summary judgment in favor of Alys Dobel on the grounds of qualified immunity and the court's refusal to reconsider its decision that Petzak abandoned his Rehabilitation Act claim. We affirm.

I

Under *Pearson v. Callahan*, 129 S. Ct. 808, 821 (2009), we may begin the qualified immunity analysis by considering whether there is a violation of clearly established law without determining whether a constitutional violation occurred. Turning to this prong, we conclude that application of the regulation did not violate clearly established law. *Cf., e.g.*, *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314-16 (1976) (upholding a Massachusetts law that required state police officers to retire at age fifty); *Vance v. Bradley*, 440 U.S. 93, 108 (1979) (upholding federal statute requiring Foreign Service officers to retire at age 60); *Gregory v. Ashcroft*, 501 U.S. 452, 473 (1991) (upholding provision in a state constitution requiring judges to retire at age 70). As a result, it would not "be clear to a reasonable officer that h[er] conduct was unlawful in the situation [s]he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled in part by Pearson*, 129 S. Ct. at 813. Dobel is, accordingly, entitled to qualified immunity.

II

Petzak failed to contest the state's assertion during summary judgment proceedings that he had abandoned his Rehabilitation Act claim. Instead, he sought to present evidence that he had in his possession since before the complaint was filed on a motion to reconsider. That he had not *used* the evidence before does not mean that it was "newly discovered" for purposes of reconsideration. *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). Reconsideration is only appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). There is no dispute the last two conditions were not met. Consequently, the district court did not abuse its discretion in declining to grant Petzak's motion based on his proffer.

We decline to consider whether Petzak's motion should have been treated as a Rule 15 motion under the Federal Rules of Civil Procedure, because this issue was raised for the first time in reply. *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990).

AFFIRMED.